NO.
12-09-00323-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JIMMIE
LEE MIMS,                                         '                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

MEMORANDUM OPINION

PER CURIAM

Jimmie
Lee Mims appeals his conviction for sexual assault.  Appellant’s counsel has filed a brief
asserting compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.  

 

Background

Appellant
pleaded guilty to the offense of sexual assault. As charged, the offense was a
second degree felony because the indictment alleged that Appellant penetrated
the sexual organ of a child under the age of seventeen.[1]  The trial court admonished
Appellant of his rights, and Appellant pleaded guilty without benefit of a plea
agreement.  The trial court accepted Appellant’s plea of guilty.  

The trial
court held a sentencing hearing on September 9, 2009.  Appellant presented the
testimony of his sister at that hearing. The trial court considered that
testimony, the presentence investigation report, and the arguments of counsel
before assessing a sentence of imprisonment for twenty years.  This appeal
followed.  

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that he has diligently reviewed the
appellate record and that he is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel=s brief presents a thorough chronological summary of
the procedural history of the case and further states that counsel is unable to
present any arguable issues for appeal.[2]  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  We have likewise reviewed the record for
reversible error and have found none.

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, counsel’s motion for leave to withdraw is
hereby granted, and we dismiss this appeal.  See
In re Schulman, 252 S.W.3d at 408-09 (“After the completion of these
four steps, the court of appeals will either agree that the appeal is wholly
frivolous, grant the attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for
appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court.  See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion
delivered January 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J, and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1]
See Tex. Penal Code Ann.
§ 22.011(a)(2)(A), (f) (Vernon Supp. 2010). 





[2]
Counsel for Appellant has certified that he provided Appellant with a copy of
this brief. Appellant was given time to file his own brief in this cause. The
time for filing such a brief has expired, and we have received no pro se brief.